```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
HYPERION MEDICAL P.C.,                              :
                                                    :
                       Plaintiff,                   :
                                                    :          20-cv-5081 (ALC)
        -against-                                   :
                                                    :          ORDER
                                                    :
UNITEDHEALTHCARE  INSURANCE COMPANY  :
OF NEW YORK,                                        :
                                                    :
                                                    :
                       Defendant.          x
---------------------------------------------------------------
```

**ANDREW L. CARTER, JR., District Judge:**

If there is a basis for federal jurisdiction, a defendant may remove a case from state to federal court. Under 28 U.S.C. § 1331, federal jurisdiction exists over civil actions arising under the Constitution, laws or treaties of the United States. A defendant must remove the case within 30 days of receiving an initial pleading, or some other paper, from which the defendant may ascertain that federal jurisdiction exists.

On November 13, 2019, in the Supreme Court of the State of New York, Plaintiff, an out of network healthcare provider, filed an action concerning United's failure to pay medical bills racked up by patients covered by United insurance policies.

After serving the complaint, the plaintiff, in an attempt to settle, sent several forms to the defendant. These forms identified the names of patients, the names of large, private companies

1

that the patients worked for, and other information.  Even though the defendant received these forms on December 4, 2019 and March 16, 2020, the defendant did not remove this action until July 2, 2020, claiming on that date that federal jurisdiction existed by virtue of ERISA.  The question is: did the settlement-related forms explicitly lay out a factual basis for federal jurisdiction?  The answer is no.  The removal is timely; the motion to remand is denied.  The plaintiff's request for discovery is also denied.

## BACKGROUND

In New York Supreme Court on November 13, 2019, Hyperion sued United, claiming Hyperion provided medical services to patients insured by United and that United failed to pay Hyperion for those services. (ECF 1, EX 1).  In an effort to attempt to settle the matter, following a request from Defendants, Hyperion emailed "Explanation of Benefit Forms" to United on December 4, 2019 and March 16, 2020.  (ECF 12-2,12-3,12-4,12-5).  These forms included patients' names, dates of service, names of employers.

On July 2, 2020 Defendant removed this case from New York Supreme Court, basing jurisdiction on 28 U.S.C. § 1331, claiming that the action seeks to recover benefits and clarify rights under ERISA. (ECF 1).  On July 30, 2020, the plaintiff filed a motion to remand, asserting that the removal was untimely in that the defendants knew that ERISA was implicated when the documents related to settlement discussions were provided, well before 30 days prior to the filing of the removal petition.  (ECF 11).  On August 13 the defendant opposed; the plaintiff filed a reply brief on August 20.  On November 12, 2020, I issued the following order:

> *The Court has a few questions regarding the fully briefed motion to remand.*
>
> *In the removal petition, Defendants state that they filed the petition within 30 days of learning that the case was removable, without stating precisely when or how they determined that the case was removable as arising under ERISA. The declaration of Mabel Fairley, attached as Exhibit B to the petition, provides no further elucidation.*
>
> *To the affirmation of David Etkind, plaintiffs attached several emails.[1] As demonstrated in the emails, in December 2019, plaintiffs provided Rita Concepcion—who works in the same department as Mabel Fairley—written information regarding some of the insurance claims in this matter, such as subscribers' names, dates of the claims, employer group numbers, and names for claimants' employers, including the names of large private companies.*
>
> *Would receiving that information—especially the names of the large private employers—enable the defendants to recognize that ERISA was implicated in this case without any further investigation?*
>
> *On February 10, 2020, Ms. Concepcion communicated to the plaintiffs that she had already conducted some investigation by actually reviewing the defendants' own files related to the underlying insurance claims. Would this review have put the defendants on notice that ERISA was implicated?*
>
> *The parties should confer and file a joint status report by November 24 indicating how they would like to proceed.* (ECF 27).

Following submissions from the parties, I ordered Defendant to file a declaration by December 3, 2020 and allowed supplemental briefing from both sides by January 20, 2021. The defendant filed a declaration from Rita Conception on December 3, 2020; each side filed supplemental briefs on January 20, 2021. The motion is fully briefed.

---

[1] I note that the defendants object to consideration of this evidence under Rule 408. Rule 408 prohibits the use of compromise offers and negotiations to prove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or contradiction. Federal Rule of Civil Procedure Rule 408. These documents are not being offered to prove the validity or worth of the underlying insurance claims. Although the information in the emails may be inconsistent with the defendants' general statement regarding when they knew this case was removable, there are other uses for this information--such as proving the defendants' state of mind regarding the removability of this case.

**LEGAL STANDARDS**

Section 1446(b) states that "[t]he notice of removal of a civil action . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

It is well established that a case is removable and the 30-day removal clock begins to run when a defendant can "intelligently ascertain removability from the face of [the initial] pleading." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 205-206 (2d Cir. 2001) (quoting *Richstone v. Chubb Colonial Life Ins.*, 988 F. Supp. 401, 403 (S.D.N.Y. 1997) (internal quotation marks omitted). Although Defendants must "'apply a reasonable amount of intelligence in ascertaining removability,'" they have no independent duty to investigate whether a case is removable." *Cutrone v. Mortg. Elec. Registration Sys, Inc.*, 749 F.3d 137, 143 (2d Cir. 2014)(quoting *Whitaker* at 205).

**DISCUSSION**

A)     THE REMOVAL WAS TIMELY

4

The parties concede that the initial complaint did not explicitly set forth a basis for federal jurisdiction. The dispute is whether the EOB forms explicitly stated facts from which Defendant could intelligently ascertain federal jurisdiction without further investigation.

The declaration submitted by the defendant makes clear that Defendant needed to conduct a separate investigation to ascertain whether ERISA was implicated. According to the declaration, the fact that many of the employers were large employers, did not automatically mean that the employees were covered under ERISA. While Defendant did conduct an earlier investigation regarding the EOB forms, that investigation was not focused on ERISA, but centered on possible settlement. While the defendant does not describe with particularity the investigation that led it to discover that ERISA was implicated, its declaration does enough to show that a separate investigation was necessary. That investigation started and concluded within 30 days of the filing of the removal petition.

This is distinguishable from *Brown v. Amchem,* No. 19-cv-5844, 2020 U.S. Dist. LEXIS 41665 (S.D.N.Y. March 10, 2020). In that multi defendant asbestos case, an interrogatory response specifically indicated that the plaintiff worked with a product on a US ship in the Brooklyn Navy Yard, implicating the federal officer defense, giving rise to federal question jurisdiction. *Brown* at 10. Although the plaintiff failed to specifically name the defendant as the manufacturer of the product, the Court determined that a defendant receiving this written information could not delay filing a removal petition in order to confirm that they actually manufactured the product at issue. *Brown* at 12. ("...courts have nevertheless concluded

5

that—where 1) a plaintiff sues a company for injuries resulting from asbestos exposure; 2) plaintiff identifies the types of asbestos-containing products to which plaintiff was exposed; 3) the company manufactured those products; 4) plaintiff discloses the time period for and location of the exposure; and 5) plaintiff's claims implicate a federal officer defense—no independent investigation is necessary to ascertain the case's removability and to articulate a short and plain statement of the grounds for removal as required by 28 U.S.C. § 1446(a)." *Brown* at 13-14.)

*Brown* hews to the general proposition that a defendant must remove within 30 days when it is ascertainable from the face of the paper that the case is removable. The federal officer defense was apparent from the face of the interrogatory. The defendant's decision to verify that it manufactured the product did not buy it more time.

Here, nothing on the face of the EOB forms explicitly stated facts from which the defendant could ascertain that ERISA was implicated. If it did, under *Brown*, the defendant could not delay removal to make sure that it actually issued the policies. Here the issue isn't about who issued the policies, but about the nature of the policies themselves: whether the policies implicated ERISA. Since the EOB forms didn't explicitly address that issue, the defendants needed to figure that out themselves.

    B)    THE REQUEST FOR DISCOVERY IS DENIED

Plaintiff, taking issue with the lack of detail in the defendant's declaration, insists that it would have been easy for the defendant to determine whether the claims at issue involved

ERISA. The plaintiff seeks discovery regarding the contours of the defendant's search. However, the defendant is not obligated to investigate whether a case is removable. *Cutrone,* 749 F.3d at 143. Furthermore, the Second Circuit has cautioned courts against "expending copious time determining what a defendant should have known or have been able to ascertain at the time of the initial pleading or other relevant filing." *Cutrone* at 145.

It is true that Defendant determined ERISA applied soon after launching a targeted search, a task not particularly labyrinthine or protracted. But, due to the lack of a clearly stated, univocal connection between the information in the EOB forms and ERISA, the defendants were required to conduct a separate, targeted search to determine that ERISA applied. The declaration makes that clear. No discovery is warranted.

Plaintiff's remaining arguments are without merit.

## CONCLUSION

For the reasons discussed herein, both the motion to remand and the request for discovery are denied.

**SO ORDERED.**

**Dated: February 15, 2021**
       **New York, New York**

                                           /s/ Andrew L. Carter, Jr.
                                           **ANDREW L. CARTER, JR.**
                                           **United States District Judge**